MANUEL GONZÁLEZ MARTÍNEZ ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 772. Submitted June 25, 1929.—Decided July 9, 1929.

*V. M. Fernández* for the appellants.

Mr. Justice Texidor delivered the opinion of the court.

This case treats of a deed of forced sale executed before Notary Victoriano M. Fernández by the marshal of the District Court of San Juan on March 23, 1929, in favor of Manuel González Martínez and Genaro Cautiño Insúa. In the deed is mentioned a mortgage created by Rufino or Ruperto Sierra and his wife in favor of the said González Martínez and Cautiño and a report is made of the proceedings for its foreclosure before the District Court of San Juan in which is inserted a literal copy of the writ issued to the marshal accompanied by the demand for payment, its return of service and a report of the sale and adjudication. Likewise it contains a copy of the notice of sale and states that the said sale was attended only by the mortgagees who offered six hundred dollars for the property which was sold to them, as shown by the report of the sale and adjudication. The deed was executed by the marshal in the names of the mortgagors.

The original copy of the deed of sale was presented in the registry of property and the registrar refused to record it for the reason stated by him as follows:

"Record of the foregoing document is denied because the mortgagors Ruperto or Rufino Sierra and María Santos Arroyo were served with the demand for payment by Juan Ortega Sánchez and not by the marshal of the district court of this district or by a deputy marshal, who is the public official who should make such returns. That renders the proceeding void and I enter instead a cautionary notice for one hundred and twenty days in favor of Manuel González Martínez and Genaro Cautiño Insúa."

The present appeal was taken from that decision.

The registrar is right in refusing the record.

We have studied the deed and it appears therefrom that the service of the demand for payment was not made by the marshal or one of the deputy marshals, but by a private person.

The service of the demand for payment is a procedural matter and should be made by a responsible official and as

a general rule under the orders of the court. It is for the latter to order the service and it must be performed by one of its officers. When the law meant to allow a private individual to perform certain functions it expressly said so. Thus, it is provided in section 92 of the Code of Civil Procedure that the summons may be served by the marshal of the district in which the defendant is found, or by any other person over the age of eighteen, not a party to the action. Probably the justification for this liberality is that the suit is not one yet, and the judge or the court, at that moment and for such purposes, is not acting. But where the authority for a judicial act comes directly from the judge or the court we understand that it is the auxiliary functionaries of the courts who should execute the orders emanating from such authority. The service by a private individual is matter of exception and can be allowed only when the intervention in the act by any authority is not required.

The appellant himself, in transcribing the definitions of Escriche, supports the theory of the registrar. The following definition by Escriche appears in his brief:

"SUMMONS.—A judicial act by which a person is warned to do or not to do a thing; an intimation, notice or information conveyed to a person acquainting him with something by public authority."

As may be seen, the act is a judicial one and its execution must be carried out by somebody with judicial power.

On page 12 of the brief of the appellants a citation is made from page 54 of vol. 4 of the work of Morel y Terry. But the citation does not favor the contention of the appellants, since the summons shall be made by a notary if *prior* to the complaint. If subsequently made it must be made judicially as it is the judge who orders the summons.

The decision appealed from must be affirmed.